Megan Kerrigan, Esq.
Kerrigan Legal
260 North Street - First Floor
Harrisburg, PA 17101
megank@kerriganlegal.com

ATTORNEY FOR PLAINTIFFS

UNITED STATES DISTRIST COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas Roman, Caanan Himes, Chasity Muse-Palumbo, Dwayne Pugh, Sergio Mercado, Shawn Lenahan, Alejandro Montoya, Lavern Robinson, Jason Wallace, Jamiel Frazier, Ronald Sayles & Martha Morse ) ) ) ) ) ) ) | Case No.: |
| | COMPLAINT |
| | JURY TRIAL REQUESTED |
| Plaintiffs, ) ) ) | |
| vs. ) ) ) | |
| Commonwealth Financial Systems, Inc., ) ) ) | |
| Defendant ) | |

Plaintiffs Thomas Roman, Ashley Roman, Caanan Himes, Chasity Muse-Palumbo, Dwayne Pugh, Sergio Mercado, Shawn Lenahan, Alejandro Montoya, Lavern Robinson, Jason Wallace, Jamiel Frazier & Martha Morse on behalf of himself (hereinafter collectively as "Plaintiffs"), by and through her undersigned attorney, alleges against the Defendant, Commonwealth Financial Systems, Inc. (hereinafter "Defendant" or "CFS") as follows:

**PRELIMINARY STATEMENT**

1.     This group action seeking damages out of Defendant's failure to abide by the dictates of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692, *et seq*., as well various state law claims for breach of contract.  Defendants have engaged in a repeated

behavioral pattern of settling pre-litigation FDCPA claims without full performance on said settlements on their end.  Defendants have entered into binding settlement agreements with all (12) Plaintiffs in return for a full and complete release and waiver of claims by the Plaintiffs.  All (12) Plaintiffs had engaged the Law Offices of Michael Lupolover, P.C. (hereinafter "LOML"), a New Jersey based national consumer law firm, to handle various issues surrounding compliance with the FDCPA.  All (12) Plaintiffs have furnished fully executed releases to Defendant at various time periods.  Defendant, through their representative Matthew Healey (hereinafter "Healey"), affirmed and with respect to many Plaintiffs reaffirmed the settlements.  To date, no monies have been furnished by Defendant.

2.	In addition to the state law claims of breach of contract, Plaintiff has violated the FDCPA with respect to Plaintiff Thomas Roman, via the sending of a debt collection letter dated November 12, 2014, on an account that was discharged in bankruptcy.  Defendant had actual notice that the account subject to the collection attempt as Plaintiff Roman, through LOML, had settled a pre-litigation matter in which the bankruptcy discharged account was also the subject of a prior collection attempt in November of 2013.  Not coincidentally, Defendant has failed to perform on that settlement agreement as well, and same is the subject of one of the counts in the instant matter.

## JURSIDICTION AND VENUE

3.	This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d) and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4.	Venue is proper in this district under 28 U.S.C § 1391(b).

**PARTIES**

5.    Plaintiff, Thomas Roman, is a natural person who at all relevant times has resided in the in the city of Kingston, Luzerne County, State of Pennsylvania, and is a "consumer" as defined by 15 U.S.C. § 1692a (3).

6.    Plaintiff, Canaan Himes, is a natural person who at all relevant times has resided in the city of York, York County, State of Pennsylvania.

7.    Plaintiff, Chasity Muse-Palumbo, is a natural person who at all relevant times has resided in the city of Fort Lauderdale, Broward County, State of Florida.

8.    Plaintiff, Dwayne Pugh, is a natural person who at all relevant times has resided in the city of Neptune, Monmouth County, State of New Jersey.

9.    Plaintiff, Sergio Mercado, is a natural person who at all relevant times has resided in the city of Keansburg, Monmouth County, State of New Jersey.

10.    Plaintiff, Shawn Lenahan, is a natural person who at all relevant times has resided in the city of Middletown, Monmouth County, State of New Jersey.

11.    Plaintiff, Alejandro Montoya, is a natural person who at all relevant times has resided in the city of Marshall, Harrison County, State of Texas.

12.    Plaintiff, Lavern Robinson, is a natural person who at all relevant times has resided in the city of Stamford, Fairfield County, State of Connecticut.

13.    Plaintiff, Jason Wallace, is a natural person who at all relevant times has resided in the city of Union, Union County, State of New Jersey.

14.    Plaintiff, Jamiel Frazier, is a natural person who at all relevant times has resided in the city of Rahway, Union County, State of New Jersey.

15.     Plaintiff, Ronald Sayles, is a natural person who at all relevant times has resided in the city of Ridgeland, Madson County, State of Mississippi.

16.     Plaintiff, Martha Morse, is a natural person who at all relevant times has resided in the city of Warren, Somerset County, State of New Jersey.

17.     Defendant is a corporation doing business in the State of Pennsylvania, with its corporate mailing address as 245 Main Street, Dickson City, PA 18519, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

### FACTUAL STATEMENT

*As to Plaintiff Caanan Himes*

18.     In late 2013, LOML sent a demand letter to Defendant for Plaintiff Caanan Himes.  In November of 2013, LOML Attorney DPF took the file over from a recently departed attorney. DPF sent Defendant an email on November 12, 2013, inquiring as to the status of the cases.  In late November of 2013, DPF and Defendant agent Healey settled the Caanan Himes file telephonically with, *inter alia*, a cash payout of $3,000.00.  An email was sent to Defendant attaching a copy of the client executed release shortly thereafter.  This email transmission, along with the original client executed release, cannot be located.

19.     As such, a second release was executed by Himes and a copy of the client executed release sent to Defendant via email on June 27, 2014.  To date, Defendant has not objected to the release, in form or substance, but has failed to provide an executed copy for Plaintiff's records. A copy of the executed release as well as the transmission email is attached hereto marked "**Exhibit A**."

*As to All Plaintiffs*

20.     Beginning in December of 2013, Defendant and LOML, via their representation of various post and pre-litigation plaintiffs, inclusive of but not limited to all plaintiffs named in the

herein complaint, began on a course of numerous communications which led to the "settlement" of many claims across many plaintiffs.  Defendant, chiefly through representative  Healey, and LOML settled out at least 12 files with different individuals, all having claims rooted in federal consumer law, specifically the FDCPA.

21.     Upon information and belief, Defendant had no intentions of ever paying out on any of the settlements, and in fact, to date Defendant has never paid a client of LOML on a settlement wherein the underlying claims did not sit as an active, open court case, in a United States District Court.

22.     Upon information and belief, Defendant intended to settle out cases in an effort to buy themselves time, and possibly contemplating that none of the Plaintiffs would ever file suit to recover the settlement sums due and owing.

*As to Plaintiffs Thomas & Ashley Roman*

23.     On December 2, 2013, LOML attorney David P. Force, Esq. (hereinafter "DPF") sent a demand letter to Defendant outlining violations of the FDCPA with respect to Defendant's illegal collection efforts on a debt that was extinguished in the bankruptcy proceedings of Thomas & Ashley Roman.  Multiple messages were left by DPF for Healey that communicated a settlement offer of $4,000.00.  Healey eventually accepted the settlement offer of $4,000.00 and confirmed same via electronic mail.  A copy of the email chain detailing the sending of the demand up to and including confirmation of a settlement at $4,000.00 with respect to both Thomas and Ashley Roman collectively, is attached hereto marked "**Exhibit B**."

24.     On February 14, 2014, a copy of the client executed release was sent to Defendant via electronic mail.  To date, Defendant has not objected to the release, in form or substance, but has failed to provide an executed copy for Plaintiffs' records.  A copy of the executed release as well as the transmission email is attached hereto marked "**Exhibit C**."

25.     In early November of 2014, Plaintiff Thomas Roman received another collection letter from Defendant.  This collection letter was an attempt to collect on the same debt that was the subject of the first settlement agreement between Thomas & Ashley Roman & Commonwealth Financial Systems, Inc., back in November of 2013.  This letter sought to collect a debt from Plaintiff Thomas Roman that was not legally due and owing due to the discharge of the debt in Thomas Roman's bankruptcy.  A settlement agreement was entered into between the parties which waived claims from the date of the settlement, back.  While Defendant has failed to perform on the November 2013 settlement, Plaintiff has performed, and Defendant's failures do not render the settlement void.

26.     A copy of the collection letter sent by Defendant, to Plaintiff, in October of 2013, and subject to the November 2013 settlement and a debt that was discharged in bankruptcy, is attached hereto marked "**Exhibit D**."  A copy of the November 2014 collection letter, an attempt to collect on the same debt subject to the November 2013 settlement and a debt that was discharged in bankruptcy, is attached hereto marked "**Exhibit E**."

*As to Plaintiff Chasity Muse Palumbo*

27.     On February 22, 2014, DPF sent Defendant an email attaching a demand letter detailing the federal consumer law claims for client Chasity Muse-Palumbo (hereinafter "Palumbo").  Through the exchange of numerous emails, the contents of which are offers and counteroffers regarding the amount of the cash payout in the settlement, a settlement was reached at a cash payout of $3,000.00.

28.     The email exchange from date of sending out of the demand letter by DPF on February 22, 2014, to date of settlement on or about April 7, 2014, is attached hereto marked "**Exhibit F**."

29.     To date, Defendant has not objected to the release, in form or substance, but has failed to provide an executed copy for Plaintiffs' records.  The client executed release was sent via

electronic mail to Defendant on May 1, 2014.  A copy of the transmission email and the client executed release is attached hereto marked "**Exhibit G**."

*As to Plaintiffs Jamiel Frazier & Jason Wallace*

30.     In or around late May of 2014, LOML Attorney Mathew Sheffield (hereinafter "MS") sent (2) separate demand letters to Defendant for Plaintiffs Jamiel Frazier and Jason Wallace. These demands outlined allegations of violations of the FDCPA.

31.     In numerous email exchanges between Healey and MS, both files were settled.  Plaintiff Jamiel Frazier was to receive a cash payout of $2,500.00.  Plaintiff Jason Wallace was to receive a cash payout of $1,500.00, as well as cancellation of debt of approximately $1,127.00.  The email exchanges detailing the settlements with respect to both Plaintiffs is attached hereto marked "**Exhibit H**."

32.     MS sent Healey, agent for Defendant, copies of the proposed releases in both matters. Healey confirmed receipt and advised the form and substance of the releases were "Both good." The email exchange between MS and Healey detailing the above is attached hereto marked "**Exhibit I**."

33.     In separate emails on June 19, 2014 and June 20, 2014, MS sent copies of the client executed, Defendant agent Healey approved, releases.  A copy of the transmission emails and client executed releases are attached hereto marked "**Exhibit J**."


*As to Plaintiff Ronald Sayles*

34.     Peter Leiner, Esq. (hereinafter "PL"), co-counsel to LOML on Plaintiff Ronald   file, sent Defendant a demand letter in early July of 2013, outlining various violations of consumer related law.

35.     In numerous email exchanges between Healey and PL, the file was settled on July 21, 2014.  Plaintiff Ronald Sayles was to receive a cash payout of $2,000.00, and cancelation of debt of approximately $500.00.   The email exchange detailing the settlement with respect to Plaintiff Ronald Sayles, as well as providing a release for Defendant, is attached hereto marked "**Exhibit K**."

36.     Defendant has not to date, objected to the form or substance of the release provided, yet has failed to provide Plaintiff with an executed copy for their records.  As Defendant had failed to execute the release timely, LOML provided a client executed copy of the release on October 1, 2014.  A copy of the email transmission and client executed release are attached hereto marked "**Exhibit L**."

*As to All Plaintiffs*

37.     On July 18, 2014, DPF sent Healey, agent for Defendant, an email attaching (2) more demand letters, those of Alejandro Montoya and Lavern Robinson.  In reply to this email, Healey, agent for Defendant advised that "I will get the checks out next week."   For all intents and purposes, Healy reaffirmed that valid agreements were in place for all the Plaintiffs discussed above.  A copy of the email exchange is attached hereto marked "**Exhibit M**."

38.     In an email correspondence between DPF and Healey on July 21, 2014, Healey advised he would contact LOML to resolve all outstanding issues the next day, July 22, 2014.  This call was never made.  The email exchange is attached hereto marked "**Exhibit N**."

39.     On July 23, 2014, with DPF having sent over for review the additional demand letters of Plaintiffs Dwayne Pugh, Sergio Mercado, Shawn Lenahan, Martha Morse, Alejandro Montoya as well as Lorenzo Pettway and Edward & Melody Bernard, the latter (3) not being Plaintiffs herein, and not having received any of the settlement checks with respect to Ashley & Thomas Roman, Chasity Muse-Palumbo, Caanan Himes, Ronald Sayles, Jamiel Frazier nor Jason

Wallace, sent a letter to Scott Best, Esq., counsel for Defendant on an unrelated matter, and Healey, detailing the settled accounts as well as the outstanding issues LOML clients had with Defendant.   The letter is dated July 7, 2014, yet was sent July 23, 2014.  A copy of that letter is attached hereto marked "**Exhibit O.**"  In this email exchange of July 23, 2014, Healy once again advised that the outstanding checks would be "out by month's end," and agreed to speak on the outstanding issues that day.  The full email exchange is attached hereto marked "**Exhibit P**."

40.     During the course of the July 23, 2014 telephonic settlement conference between DPF and Healey, agent for Defendant, the matters of Dwayne Pugh, Sergio Mercado, Shawn Lenahan, Martha Morse & Alejandro Montoya were settled out.  All Plaintiffs were to receive cancelation of debt and other than Montoya, who was to receive $1,100.00, the remaining Plaintiffs were to receive cash payouts of $2,250.00.

41.     An email was sent to Healey, by DPF, on June 24, 2014, affirming the settlements with corresponding amounts.  A copy of that email is attached hereto marked "**Exhibit Q**."

42.     On August 1, 2014, LOML sent Defendant a client executed copy of the release in the matter of Shawn Lenahan.  To date, Defendant has not objected to the release, in form or substance, but has failed to return a fully executed copy for Plaintiff's records.  A copy of the email transmission and client executed release is attached hereto marked "**Exhibit R.**"

43.      On August 8, 2014, LOML sent Defendant a client executed copy of the release in the matter of Lavern Robinson.  To date, Defendant has not objected to the release, in form or substance, but has failed to return a fully executed copy for Plaintiff's records.  A copy of the email transmission and client executed release is attached hereto marked "**Exhibit S**."

44.     On August 14, 2014, LOML sent Defendant a client executed copy of the release in the matter of Alejandro Montoya.  To date, Defendant has not objected to the release, in form or

substance, but has failed to return a fully executed copy for Plaintiff's records.  A copy of the email transmission and client executed release is attached hereto marked "**Exhibit T**."

45.     On August 15, 2014, LOML sent Defendant a client executed copy of the release in the matter of Sergio Mercado.  To date, Defendant has not objected to the release, in form or substance, but has failed to return a fully executed copy for Plaintiff's records.  A copy of the email transmission and client executed release is attached hereto marked "**Exhibit U**."

46.     On September 8, 2014, LOML sent Defendant a client executed copy of the release in the matter of Martha Morse.  To date, Defendant has not objected to the release, in form or substance, but has failed to return a fully executed copy for Plaintiff's records.  A copy of the email transmission and client executed release is attached hereto marked "**Exhibit V**."

47.     On October 13, 2014, LOML sent Defendant a client executed copy of the release in the matter of Dwayne Pugh.  To date, Defendant has not objected to the release, in form or substance, but has failed to return a fully executed copy for Plaintiff's records.  A copy of the email transmission and client executed release is attached hereto marked "**Exhibit W**."

48.     To date, and after numerous assurances that the outstanding checks in these matters would be forwarded, Defendant has failed to perform on their obligations under the settlement contracts.

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT**
**15 U.S.C. § 1692, *et seq.***

*(As to Plaintiff Thomas Roman)*

49.     Plaintiffs repeat the allegations contained in paragraphs 1 through 37 and incorporate them as if set forth at length herein.

50.     In late November of 2014, Plaintiff Thomas Roman received a letter from Defendant. The letter was dated November 12, 2014.  The letter was an attempt to collect on an alleged debt due and owing, and offered a settlement amount on the total alleged outstanding balance.  **See Exhibit E**.

51.     Pursuant to the letter, the alleged debt originated with CITIBANK NA, had a balance of $3,388.41 and the current creditor Jumpstart Capital Management, LLC.

52.     Pursuant to the letter, (2) separate offers were made to Plaintiff.  The first being 50% off the total balance, payable in one payment.  The second being 40% off the total balance, payable in (6) equal monthly installment payments.

53.     In the (4) years preceding the letter Plaintiff had not made any payments on the subject account.  According to Pennsylvania state law, which has a (4) year statute of limitations on this type of debt, Jumpstart Capital Management, LLC was not legally entitled to utilize the Courts to prosecute the civil matter as the debt was outside the applicable statute of limitations.

54.     The November 12, 2014 letter did not state that due to the expiration of the statute of limitations, that Jumpstart Capital Management, LLC nor Commonwealth Financial Systems, LLC, nor any other entity could prosecute the case in a Court of law as the debt was outside the applicable statute of limitations for such a lawsuit.

55.     Accordingly, Defendant has engaged in deceptive collections practices, and this omission is a violation of the FDCPA.

56.     Insomuch as Defendant's omission is violative of the FDCPA, Defendant did not have the legal right to collect on the debt in any form.  The sending of the letter, a collection attempt, was violative of the FDCPA as it mischaracterized the legal nature and character of the debt as one that was able to be legally collected on when this was not the case.

57.    This debt was discharged in Plaintiff Thomas Roman's bankruptcy proceedings.

Defendant had actual knowledge that, for all intents and purposes, this debt was not able to be

lawfully collected on as this same debt was the subject of a separate, and since settled, FDCPA

claim by Plaintiffs Thomas and Ashley Roman back in November of 2013.  It was

communicated by Plaintiffs Thomas and Ashley Roman, via counsel LOML, the debt was

extinguished in bankruptcy.

58.    Defendant's acts and omissions are violative of 15 U.S.C. § 1692(e) and 15 U.S.C. §

1692(e)(2)(A)

59.    Plaintiff has been damaged and is entitled to relief.

## COUNT II
## BREACH OF CONTRACT

### *As to Plaintiffs Thomas & Ashley Roman*

60.    Plaintiff repeats the allegations contained in paragraphs 1 through 48 and incorporates

them as if set forth at length herein.

61.    A settlement agreement is in essence a contract, and the validity and enforceability of a

settlement agreement will be decided within the scope of whether the elements of a valid

contract are present.

62.    Thomas Roman and Defendant entered into a legally binding settlement agreement on

December 4, 2013, with Defendant receiving a release of all claims, known or unknown, from

date of settlement back, in exchange for $4,000.00**.  See Exhibit B**.

63.    A client executed release was provided to Defendant.  To date, Defendant has not

objected to the form or substance of the release.  Defendant has failed in their obligation to

render payment of the monies due and owing under the settlement agreement and has thus

breached the settlement agreement.  **See Exhibit C.**

64.     Plaintiff has been damaged and is entitled to relief.

## COUNT III
## BREACH OF CONTRACT

*As to Plaintiff Chasity Muse Palumbo*

65.     Plaintiffs repeat the allegations contained in paragraphs 1 through 53 and incorporates them as if set forth at length herein.

66.     A settlement agreement is in essence a contract, and the validity and enforceability of a settlement agreement will be decided within the scope of whether the elements of a valid contract are present.

67.     Palumbo and Defendant entered into a legally binding settlement agreement on April 7, 2014, with Defendant receiving a release of all claims, known or unknown, from date of settlement back, in exchange for $4,000.00. **See Exhibit F**.

68.     A client executed release was provided to Defendant.  To date, Defendant has not objected to the form or substance of the release.  Defendant has failed in their obligation to render payment of the monies due and owing under the settlement agreement and has thus breached the settlement agreement.

69.     Plaintiff has been damaged and is entitled to relief.

## COUNT IV
## BREACH OF CONTRACT

*As to Plaintiff Jamiel Frazier*

70.     Plaintiffs repeat the allegations contained in paragraphs 1 through 58 and incorporates them as if set forth at length herein.

71.     A settlement agreement is in essence a contract, and the validity and enforceability of a settlement agreement will be decided within the scope of whether the elements of a valid contract are present.

72.     Jamiel Frazier and Defendant entered into a legally binding settlement agreement on June 3, 2014, with Defendant receiving a release of all claims known or unknown, from date of settlement back in exchange for, *inter alia*, a cash payout of $2,500.00**. See Exhibit H**.

73.     A client executed release was provided to Defendant.  To date, Defendant has not objected to the form or substance of the release.  Defendant has failed in their obligation to render payment of the monies due and owing under the settlement agreement and has thus breached the settlement agreement.

74.     Plaintiff has been damaged and is entitled to relief.

## COUNT V
## BREACH OF CONTRACT

*As to Plaintiff Jason Wallace*

75.     Plaintiffs repeat the allegations contained in paragraphs 1 through 63 and incorporates them as if set forth at length herein.

76.     A settlement agreement is in essence a contract, and the validity and enforceability of a settlement agreement will be decided within the scope of whether the elements of a valid contract are present.

77.     Jason Wallace and Defendant entered into a legally binding settlement agreement on June 3, 2014, with Defendant receiving a release of all claims, known or unknown, from date of settlement back, in exchange for $1,500.00 and cancellation of debt**. See Exhibit H**.

78.     A client executed release was provided to Defendant.  To date, Defendant has not objected to the form or substance of the release.  Defendant has failed in their obligation to render payment of the monies due and owing under the settlement agreement and has thus breached the settlement agreement.

79.     Plaintiff has been damaged and is entitled to relief.

## COUNT VI
## BREACH OF CONTRACT

*As to Plaintiff Ronald Sayles*

80.     Plaintiffs repeat the allegations contained in paragraphs 1 through 69 and incorporates them as if set forth at length herein.

81.     A settlement agreement is in essence a contract, and the validity and enforceability of a settlement agreement will be decided within the scope of whether the elements of a valid contract are present.

82.     Ronald Sayles and Defendant entered into a legally binding settlement agreement on July 21, 2014, with Defendant receiving  a release of all claims, known or unknown, from date of settlement back, in exchange for, *inter alia*, a cash payout of $2,000.00.  **See Exhibit K**.

83.     A client executed release was provided to Defendant.  To date, Defendant has not objected to the form or substance of the release.  Defendant has failed in their obligation to render payment of the monies due and owing under the settlement agreement and has thus breached the settlement agreement.

84.     Plaintiff has been damaged and is entitled to relief.

## COUNT VII
## BREACH OF CONTRACT

*As to Plaintiffs Dwayne Pugh, Sergio Mercado, Shawn Lenahan,
Martha Morse, Alejandro Montoya*

85.     Plaintiffs repeat the allegations contained in paragraphs 1 through 73 and incorporates them as if set forth at length herein.

86.     A settlement agreement is in essence a contract, and the validity and enforceability of a settlement agreement will be decided within the scope of whether the elements of a valid contract are present.

87.     Dwayne Pugh, Sergio Mercado, Shawn Lenahan, and Martha Morse entered into legally binding settlement agreements with Defendant on July 23, 2014 in a telephonic settlement conference between Healey and DPF, with Defendant receiving a release of all claims, known or unknown, from date of settlement back with respect to each individual, in exchange for, *inter alia*, cash payouts of $2,250.00**.**  These settlements were confirmed in an email sent by DPF to Healy on July 24, 2014.  **See Exhibit Q**.

88.     Alejandro Montoya  entered into a legally binding settlement agreement with Defendant on July 23, 2014 in a telephonic settlement conference between Healey and DPF, with Defendant receiving a release of all claims, known or unknown, from date of settlement back, in exchange for, *inter alia*, a cash payout of $1,100.00**.**  These settlements were confirmed in an email sent by DPF to Healy on July 24, 2014.  **See Exhibit Q**.

89.     Client executed releases for each individual were provided to Defendant.  To date, Defendant has not objected to the form or substance of the releases.  Defendant has failed in their obligation to render payment of the monies due and owing under the settlement agreements and has thus breached the settlement agreements.

90.     Plaintiffs have been damaged and are entitled to relief.

## **DAMAGES**

WHEREFORE, Plaintiff, Thomas Roman, requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff Thomas Roman for the following:

A. That an order be entered declaring the Defendant actions, as described above, in violation of the FDCPA;

B. That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

C. That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

D. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3) and;

E. That the Court grant such other and further relief as may be just and proper.

WHEREFORE, Plaintiffs, Ashley & Thomas Roman, Caanan Himes, Chasity Muse-Palumbo, Dwayne Pugh, Sergio Mercado, Shawn Lenahan, Alejandro Montoya, Lavern Robinson, Jason Wallace, Jamiel Frazier & Martha Morse requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff Thomas Roman for the following:

A. That an order be entered declaring the Defendant actions, as described in Counts II through VII, as (11) separate and distinct breaches of the above detailed individual settlement agreements;

B. That judgment be entered against the Defendant for actual damages in an amount pursuant to each individual breach of contract cause of action as follows:

    a.  Thomas & Ashley Roman in the amount of $4,000.00.

    b.  Chasity Muse-Palumbo in the amount of $3,000.00.

    c.  Caanan Himes in the amount of $3,000.00.

    d.  Jamiel Frazier in the amount of $2,500.00.

    e.  Jason Wallace in the amount of $1,500.00.

    f.  Ronald Sayles in the amount of $2,000.00.

    g.  Alejandro Montoya in the amount of $1,100.00.

    h.  Lavern Robinson in the amount of $2,250.00.

    i.  Dwayne Pugh in the amount of $2,250.00.

    j.  Sergio Mercado in the amount of $2,250.00.

    k.  Shawn Lenahan in the amount of $2,250.00.

    l.  Martha Morse in the amount of $2,250.00.

C. That the Court award costs and reasonable attorneys' fees;

D. That the Court grant such other and further relief as may be just and proper.

*[Remainder of page intentionally left blank; signature page to follow.]*

Dated this January day of 28, 2014

Respectfully Submitted,

/S/_____
Megan Kerrigan, Esq.
Kerrigan Legal
260 North Street - First Floor
Harrisburg, PA 17101
megank@kerriganlegal.com


 On Behalf of:
Law Offices of Michael Lupolover, P.C.
120 Sylvan Avenue, Suite 300
Englewood Cliffs, New Jersey 07632
P: 201-461-0059
F: 201-608-7116
E: David@lupoloverlaw.com

ATTORNEY FOR PLAINTIFFS